IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAMILY SMILES, LLC, FAMILY DENTAL OF VIRGINIA, LLC, FRANK VON WESTERNHAGEN, LLC, d/b/a HEALTHY SMILES AND VON WESTERNHAGEN DENTAL CORPORATION, <br><br> Plaintiffs, <br><br> v. <br><br> SENTINEL INSURANCE COMPANY, <br><br> Defendant. | Case No. 20-cv-04838 <br><br> JURY DEMAND |

## COMPLAINT

Plaintiffs, Family Smiles, LLC, Family Dental of Virginia, LLC, Frank Von Westernhagen, LLC, doing business as Healthy Smiles ("Healthy Smiles"), and Von Westernhagen Dental Corporation, through their attorneys, David B. Goodman and Kalli K. Nies, Goodman Law Group | Chicago, *of counsel*, state as follows as their complaint against Defendant, Sentinel Insurance Company ("Sentinel"):

1. Family Smiles, LLC ("Family Smiles") purchased property and casualty insurance from Defendant Sentinel (the "Policy") on behalf of its dental practices and on behalf of Family Dental of Virginia, LLC and Healthy Smiles, dental businesses that are affiliated with Family Smiles. **Exhibit 1**.

2. Each of the offices at which Plaintiffs, Family Smiles, Family Dental of Virginia, LLC, and Healthy Smiles, performed professional dental services are specifically identified as insured locations under the Policy.

1

3. In March 2020, the World Health Organization declared that COVID-19 was a global pandemic.

4. Beginning in March 2020, state authorities in California, Louisiana, New Mexico, and Virginia, the states in which Plaintiffs engaged in the practice of dentistry, entered orders restricting activities, including the practice of dentistry, and requiring people to stay at home, subject to limited exceptions. These "stay at home" orders entered by state officials restricted Plaintiffs from using the properties for which they had procured insurance from Sentinel other than in limited and exceptional circumstances.

5. The stay at home orders entered by state officials in California, Louisiana, New Mexico, and Virginia resulted in a direct physical loss of Plaintiffs' insured properties requiring the suspension of Plaintiffs' operations at the insured locations.

6. In order to comply with the stay at home orders, Plaintiffs were required to suspend their operations at the insured locations in each of the states in which they transact business.

7. Plaintiffs submitted claims to Sentinel under the Policy for the loss of business income caused by the direct physical loss of access to each of the insured properties at which they undertook their business operations.

8. Sentinel responded to Plaintiffs' claims denying that Plaintiffs' claims were within the coverage of the Policy.

9. Plaintiffs bring this action to recover the amounts due to them under the Policy for loss of business income due to them under the Policy as well as for the other covered losses that they sustained as a consequence of the state orders that caused the loss of physical property and

the suspension of their business operations. Plaintiffs also seek recoveries against Sentinel based on Sentinel's bad faith in response to their claims.

## THE PARTIES

10. Plaintiff Family Smiles is an New Mexico limited liability company that does business as Dental Dreams, LLC ("Family Smiles"), and its member is Frank Von Westernhagen, a citizen of the state of Illinois. Family Smiles is a citizen of the State of Illinois.

11. Family Smiles conducts its business operating its practice at three offices in the State of New Mexico. Each of those offices is specifically identified as an insured location in the Policy.

12. Plaintiff, Family Dental of Virginia, LLC ("Family Dental"), is a Virginia limited liability company, and its member is Frank Von Westernhagen, is a citizen of the State of Illinois. Family Dental is a citizen of the State of Illinois.

13. Family Dental conducts its business operating its practice at two offices in the Commonwealth of Virginia. Each of those two offices is specifically identified as an insured location in the Policy.

14. Plaintiff, Healthy Smiles is a Louisiana limited liability company, and its member is Frank Von Westernhagen, a citizen of the State of Illinois. Healthy Smiles is a citizen of the State of Illinois.

15. Plaintiff, Healthy Smiles, conducts its business operating its practice at one office in the State of Louisiana. Frank Von Westernhagen, LLC's office is specifically identified as an insured location in the Policy.

16. Plaintiff, Von Westernhagen Dental Corporation is a California corporation with its principal place of business in Compton, California. It is a citizen of the State of California.

17. Von Westernhagen Dental Corporation conducts its business operating its practice at two offices in the State of California. Each of those offices is specifically identified as an insured location in the Policy.

18. Defendant, Sentinel, is a Connecticut corporation with its principal place of business in Hartford, Connecticut.

## JURISDICTION AND VENUE

19. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties, as Plaintiffs are citizens of the State of Illinois and the State of California, Defendant Sentinel is a citizen of Connecticut, and the amount in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.

20. This dispute arises from breaches of an insurance contract that was negotiated in Cook County, Illinois and that was delivered by Sentinel to Family Smiles at its office in Chicago, Illinois. Consequently, venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b) as a substantial part of the events and omissions giving rise to the claims that are the subject to this litigation occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

21. Family Smiles, Family Dental, Healthy Smiles, and Von Westernhagen Dental Corporation (collectively "Dentists") engage in the practice of dentistry at each of the locations identified in the Policy as insured locations.

22. Through the Policy, Sentinel agreed to pay Dentists for the actual loss of "Business Income" sustained by them due to the necessary suspension of their "operations" during the "period of restoration" where the suspension is caused by direct physical loss of or

4

physical damage to property at the "scheduled premises" caused by or resulting from a Covered Cause of Loss.

23. Sentinel also agreed to pay for the "'Extra Expense' the insured incurs, "during the 'period of restoration' that the insured would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises'… caused by or resulting from a Covered Cause of Loss."

24. "Extra Expense means expense incurred: (a) to avoid or minimize the suspension of business and to continue 'operations': (i) at the 'scheduled premises'; … (b) To minimize the suspension of business if you cannot continue 'operations'."

25. The Policy defines "suspension" as "(a) the partial slowdown or complete cessation of your business activities."

26. Each of Dentists' offices are identified in the declarations in the Policy as locations for which there is Business Income Loss coverage.

27. "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

28. "Operations" is defined in the Policy as the insured's business activities occurring at the scheduled premises.

29. The Policy defines "period of restoration" as the time after the direct physical loss or damage caused by or resulting from Covered Cause of Loss at an insured location and occupancy is restored with "similar quality."

**Count I**
**Breach of Contract**
**Family Smiles – New Mexico**

30. Plaintiffs, Family Smiles ("New Mexico Dentists"), repeat and reallege the allegations of paragraphs 1 through 29 as the allegations of this paragraph 30.

31. During the period of coverage afforded under the Policy, New Mexico Dentists conducted its operations at three locations within the State of New Mexico.

32. Each of the three locations at which New Mexico Dentists conducted its operations within the State of New Mexico was specifically identified as an insured location for business income coverage under the Policy.

33. On March 23, 2020, the Governor of New Mexico entered an executive order in response to the spread of COVID-19, a global pandemic, requiring all individuals in the State of New Mexico to stay at home with the exception of people engaging in essential activities and ordered all non-essential businesses to cease operations except to the extent that work could be conducted from home. The executive order required the state, county, and local departments of public health to implement regulations consistent with the executive order.

34. Compliance with the orders precluded New Mexico Dentists from using the insured properties for the performance of its operations other than under limited circumstances.

35. The Policy defines "Operations" as business activities at the insured's covered location.

36. The Policy is an insurance contract under which New Mexico Dentists paid premiums in exchange for Sentinel's promise to pay claims for losses covered by the Policy, including but not limited to losses of business income and extra expenses.

37. Compliance by New Mexico Dentists with the orders restricting the use of the insured locations for their ordinary purposes resulted in a direct physical loss of covered property.

38. New Mexico Dentists incurred a loss of business income as a result of the suspension of operations at the insured locations.

39. New Mexico Dentists have incurred expenses from the losses arising from the orders entered by the governing bodies of each insured location.

40. New Mexico Dentists complied with all applicable provisions of the Policy, including payment of premiums.

41. Sentinel denied New Mexico Dentists' claims for loss of business income and extra expenses submitted by New Mexico Dentists.

42. Sentinel's denial breached its obligations to New Mexico Dentists, arising from the Claims under the Policy.

43. New Mexico Dentists sustained damages resulting from Sentinel's breach of its contractual obligations to New Mexico Dentists, including loss of business income and extra expenses.

**WHEREFORE**, Plaintiffs New Mexico Dentists, ask for judgment in their favor and against Defendant Sentinel for the damages that they prove at trial and for such other relief as this Court deems just.

### Count II
### Breach of Contract
### Family Dental of Virginia LLC, Virginia

44. Plaintiffs, Family Dental of Virginia, LLC ("Virginia Dentists") repeat and reallege the allegations of paragraphs 1 through 29 as the allegations of this paragraph 44.

45. During the period of coverage afforded under the Policy, Virginia Dentists conducted its operations at two locations within the Commonwealth of Virginia.

46. Each of the locations at which Virginia Dentists conducted its operations within the Commonwealth of Virginia was specifically identified as an insured location for business income coverage under the Policy.

47. On March 30, 2020, the Governor of Virginia entered an executive order in response to the spread of COVID-19, a global pandemic, requiring all individuals in the Commonwealth of Virginia to stay at home with the exception of engaging in essential activities and ordered all non-essential businesses to cease operations except to the extent that work could be conducted from home. The executive order required the state, county, and local departments of public health to implement regulations consistent with the executive order.

48. Compliance with the orders precluded the use of the insured properties for the performance of their operations other than under limited circumstances.

49. The Policy defines "Operations" as business activities at the insured's covered location.

50. The Policy is an insurance contract under which Virginia Dentists paid premiums in exchange for Sentinel's promise to pay claims for losses covered by the Policy, including but not limited to losses of business income and extra expenses.

51. Compliance by Virginia Dentists with the orders restricting the use of the insured locations for their ordinary purposes resulted in a direct physical loss of covered property.

52. Virginia Dentists incurred a loss of business income as a result of the suspension of operations at the insured locations.

53. Virginia Dentists have incurred expenses from the losses arising from the orders entered by the governing bodies of each insured location.

54. Virginia Dentists complied with all applicable provisions of the Policy, including payment of premiums.

55. Sentinel denied Virginia Dentists' claims for loss of business income and extra expenses submitted by Virginia Dentists.

56. Sentinel's denial breached its obligations to Virginia Dentists, arising from the Claims under the Policy.

57. Virginia Dentists sustained damages resulting from Sentinel's breach of its contractual obligations to Virginia Dentists, including loss of business income and extra expenses.

**WHEREFORE**, Plaintiffs Virginia Dentists, ask for judgment in their favor and against Defendant Sentinel for the damages that they prove at trial and for such other relief as this Court deems just.

### Count III
### Breach of Contract
### Von Westernhagen Dental Corporation, California

58. Plaintiffs, Von Westernhagen Dental Corporation ("California Dentists"), repeat and reallege the allegations of paragraphs 1 through 29 as the allegations of this paragraph 58.

59. During the period of coverage afforded under the Policy, California Dentists conducted its operations at two locations within the State of California.

60. Each of the locations at which California Dentists conducted its operations within the State of California was specifically identified as an insured location for business income coverage under the Policy.

61. On March 19, 2020, the Governor of California entered an executive order in response to the spread of COVID-19, a global pandemic, requiring all individuals in the State of California to stay at home with the exception of engaging in essential activities and ordered all non-essential businesses to cease operations except to the extent that work could be conducted from home. The executive order required the state, county, and local departments of public health to implement regulations consistent with his executive order.

62. Compliance with the orders precluded the use of the insured properties for the performance of their operations other than under limited circumstances.

63. The Policy defines "Operations" as business activities at the insured's covered location.

64. The Policy is an insurance contract under which California Dentists paid premiums in exchange for Sentinel's promise to pay claims for losses covered by the Policy, including but not limited to losses of business income and extra expenses.

65. Compliance by California Dentists with the orders restricting the use of the insured locations for their ordinary purposes resulted in a direct physical loss of covered property.

66. California Dentists incurred a loss of business income as a result of the suspension of operations at the insured locations.

67. California Dentists have incurred expenses from the losses arising from the orders entered by the governing bodies of each insured location.

68. California Dentists complied with all applicable provisions of the Policy, including payment of premiums.

69. Sentinel denied California Dentists' claims for loss of business income and extra expenses submitted by California Dentists.

70. Sentinel's denial breached its obligations to California Dentists, arising from the Claims under the Policy.

71. California Dentists sustained damages resulting from Sentinel's breach of its contractual obligations to California Dentists, including loss of business income and extra expenses.

**WHEREFORE**, Plaintiffs California Dentists, ask for judgment in their favor and against Defendant Sentinel for the damages that they prove at trial and for such other relief as this Court deems just.

### Count IV
### Breach of Contract
### Frank Von Westernhagen, LLC – Louisiana

72. Plaintiff, Frank Von Westernhagen, LLC, formerly known as Paulina Demos-Arne, LLC doing business as Healthy Smiles ("Louisiana Dentist"), repeats and realleges the allegations of paragraphs 1 through 29 as the allegations of this paragraph 72.

73. During the period of coverage afforded under the Policy, Louisiana Dentist conducted its operations at one location within the State of Louisiana.

74. The location at which Louisiana Dentist conducted its operations within the State of Louisiana was specifically identified as an insured location for business income coverage under the Policy.

75. On March 22, 2020, the Governor of Louisiana entered an executive order in response to the spread of COVID-19, a global pandemic, requiring all individuals in the State of Louisiana to stay at home with the exception of engaging in essential activities and ordered all

non-essential businesses to cease operations except to the extent that work could be conducted from home. The executive order required the state, county, and local departments of public health to implement regulations consistent with his executive order.

76. Compliance with the orders precluded the use of the insured properties for the performance of their operations other than under limited circumstances.

77. The Policy defines "Operations" as business activities at the insured's covered location.

78. The Policy is an insurance contract under which Louisiana Dentist paid premiums in exchange for Sentinel's promise to pay claims for losses covered by the Policy, including but not limited to losses of business income and extra expenses.

79. Compliance by Louisiana Dentist with the orders restricting the use of the insured location for its ordinary purposes resulted in a direct physical loss of covered property.

80. Louisiana Dentist incurred a loss of business income as a result of the suspension of operations at the insured location.

81. Louisiana Dentist has incurred expenses from the losses arising from the orders entered by the governing bodies of each insured location.

82. Louisiana Dentist complied with all applicable provisions of the Policy, including payment of premiums.

83. Sentinel denied Louisiana Dentist's claims for loss of business income and extra expenses submitted by Louisiana Dentists.

84. Sentinel's denial breached its obligations to Louisiana Dentist, arising from the Claims under the Policy.

85. Louisiana Dentist sustained damages resulting from Sentinel's breach of its contractual obligations to Louisiana Dentist, including loss of business income and extra expenses.

**WHEREFORE**, Plaintiff Louisiana Dentist, asks for judgment in its favor and against Defendant Sentinel for the damages that it proves at trial and for such other relief as this Court deems just.

## Count V
## Bad Faith- Louisiana

86. Plaintiff, Louisiana Dentist, repeats and realleges the allegations of paragraphs 1 through 29 and paragraphs 72-85 as the allegations of this paragraph 86.

87. Pursuant to LA. Rev. Stat. §22:1973, in any action by or against an insurance company in which there is a finding that the insurance company breached its duty to act in good faith and fair dealing, the Court may award a statutory penalty.

88. Sentinel failed to investigate Louisiana Dentist's claims and failed to reimburse Louisiana Dentist for the occurrence and physical loss of the insured properties due to the civil authority orders as required under the Policy.

89. Sentinel, on a blanket basis, arbitrarily and without justification, denied all claims arising from the direct loss of physical property as a consequence of compliance with orders entered by state officials in Louisiana.

90. Instead, Sentinel arbitrarily failed to pay the Louisiana Dentist's claims without probable cause.

91. Sentinel's conduct with respect to Louisiana Dentist's claim for coverage was and continues to be unreasonable by failing to reimburse Louisiana Dentist for covered losses under the Policy without proper justification and without a reasonable investigation.

**WHEREFORE**, Louisiana Dentist respectfully requests that this Honorable Court enter judgment:

(a) Finding that Sentinel's conduct handling the Claim violates LA. Rev. Stat. §22:1973;

(b) Awarding Louisiana Dentist a penalty of two times the damages sustained by Louisiana Dentist (or the maximum amount allowed by LA. Rev. Stat. §22:1973) to be assessed against Sentinel; and

(c) For such other and further relief that this Honorable Court deems appropriate and just.

### Count VI
### Virginia Bad Faith - §38.2-209

92. Plaintiffs, Virginia Dentists, repeat and reallege the allegations of paragraphs 1 through 29 and paragraphs 44-57 as the allegations of this paragraph 92.

93. Pursuant to Va. Code Ann. §38.2-209, in any action by or against an insurance company in which there is a finding that the insurance company acted in bad faith, the Court may award a statutory penalty.

94. Sentinel failed to investigate Virginia Dentists' claims and failed to reimburse Virginia Dentists for the occurrence and physical loss of the insured property due to the civil authority orders as required under the Policy.

95. Instead, Sentinel arbitrarily and unreasonably refused to pay the Virginia Dentists' claims.

96. Sentinel's conduct with respect to Virginia Dentists' claims for coverage was and continues to be unreasonable by failing to reimburse Virginia Dentists for covered losses under the Policy without proper justification and without a reasonable investigation.

**WHEREFORE**, Virginia Dentists respectfully request that this Honorable Court enter judgment:

(a)     Finding that Sentinel's conduct handling the Claim violates Va. Code Ann. §38.2-209;

(b)     Awarding Virginia Dentists attorney's fees in bringing this action to enforce their rights; and

(c)     For such other and further relief that this Honorable Court deems appropriate and just.

**Count VII**
**California Bad Faith – California Insurance Code §790.03**

97.     Plaintiffs, California Dentists, repeat and reallege the allegations of paragraphs 1 through 29 and paragraphs 58-71 as the allegations of this paragraph 97.

98.     Pursuant to Ca. Ins. Code. §790.03, in any action in which there is a finding that the insurance company acted in bad faith, the Court may award a penalty.

99.     Sentinel failed to investigate California Dentists' claims and failed to reimburse California Dentists for the occurrence and physical loss of the insured property due to the civil authority orders as required under the Policy.

100.     Sentinel, on a blanket basis, arbitrarily and without justification, denied all claims arising from the direct loss of physical property as a consequence of compliance with orders entered by state officials in California.

101.     Instead, Sentinel arbitrarily and unreasonably refused to pay the California Dentists' claims.

102.     Sentinel's conduct with respect to California Dentists' claims for coverage was and continues to be unreasonable by failing to reimburse California Dentists for covered losses under the Policy without proper justification and without a reasonable investigation.

103.     Sentinel's conduct breached its duty to the California Dentists to act in good faith and fair dealing as an implied duty under the Policy.

**WHEREFORE**, California Dentists respectfully request that this Honorable Court enter judgment:

(a) Finding that Sentinel's conduct handling the Claim violates Ca. Ins. Code §790.03;

(b) Awarding California Dentists attorney's fees in bringing this action to enforce their rights; and

(c) For such other and further relief that this Honorable Court deems appropriate and just.

## Count VIII
### New Mexico Bad Faith - NM Stat § 39-2-1

104. Plaintiffs, New Mexico Dentists, repeat and reallege the allegations of paragraphs 1 through 29 and paragraphs 30-43 as the allegations of this paragraph 104.

105. In any action under New Mexico law by or against an insurance company in which there is a finding that the insurance company acted in bad faith, the Court may award damages.

106. New Mexico Dentists were insureds under the Policy.

107. Sentinel had a duty to properly investigate the New Mexico Dentists' claims regarding the occurrence and physical loss of the insured property due to the civil authority orders.

108. Sentinel failed to investigate New Mexico Dentists' claims and rather denied coverage of the claims without a proper investigation.

109. Sentinel frivolously denied the claims brought by its insured and refused to pay the New Mexico Dentists' claims.

110. Sentinel's conduct with respect to New Mexico Dentists' claims for coverage was and continues to be unreasonable by failing to reimburse New Mexico Dentists for covered losses under the Policy without proper justification and without a reasonable investigation.

**WHEREFORE**, New Mexico Dentists respectfully request that this Honorable Court enter judgment:

(a) Finding that Sentinel's conduct handling the Claim was a bad faith breach of the duty to act honestly and in good faith in the performance of the insurance contract;

(b) Awarding New Mexico Dentists attorney's fees in bringing this action to enforce their rights under NM Stat § 39-2-1 (2013);

(c) Punitive damages; and

(d) For such other and further relief that this Honorable Court deems appropriate and just.

Respectfully submitted,

FAMILY SMILES, LLC, FAMILY DENTAL OF VIRGINIA, LLC, FRANK VON WESTERNHAGEN, LLC, d/b/a HEALTHY SMILES AND VON WESTERNHAGEN DENTAL CORPORATION,

By: /s/ *David B. Goodman*
One of the attorneys for Plaintiffs

David B. Goodman – dg@glgchicago.com
ARDC #6201242
Kalli K. Nies – kn@glgchicago.com
ARDC #6318089
Goodman Law Group | Chicago
20 North Clark Street - Suite 3300
Chicago, Illinois 60602
(312) 626-1888