IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FAMILY SMILES, LLC, et al., | ) |
| Plaintiffs, | ) Case No. 1:20-cv-04838 |
| v. | ) Honorable Elaine E. Bucklo |
| SENTINEL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## AMENDED COMPLAINT

Plaintiffs, Family Smiles, LLC and Von Westernhagen Dental Corporation, through their attorneys, David B. Goodman, Carrie E. Davenport, and Kalli K. Nies, Goodman Law Group | Chicago, *of counsel*, state as follows as their amended complaint against Defendant, Sentinel Insurance Company ("Sentinel"):

1. Plaintiff Family Smiles, LLC ("Family Smiles") purchased property and casualty insurance from Sentinel (the "Policy") on behalf of its dental practices and on behalf of Plaintiff Von Westernhagen Dental Corporation ("VW Dental"), an affiliated dental business (collectively, Family Smiles and VW Dental are referred to herein as "Plaintiffs").

2. A true and correct copy of the Policy is attached hereto as **Exhibit 1**.

3. The offices at which Plaintiffs performed professional dental services are identified as insured locations under the Policy.

4. In March 2020, the World Health Organization declared that COVID-19 was a global pandemic.

5. Beginning in March 2020, state authorities in California and New Mexico, the states in which Plaintiffs engage in the practice of dentistry, entered orders restricting activities,

1

including the practice of dentistry, and requiring people to stay at home, subject to limited exceptions. These "stay at home" orders entered by state officials restricted Plaintiffs from using the properties for which they had procured insurance from Sentinel other than in limited and exceptional circumstances.

6. The stay at home orders entered by state officials in California and New Mexico resulted in a direct physical loss of Plaintiffs' insured properties requiring the suspension of Plaintiffs' operations at the insured locations.

7. In order to comply with the stay at home orders, Plaintiffs were required to suspend their operations at the insured locations in each of the states in which they transact business.

8. Plaintiffs submitted claims to Sentinel under the Policy for the loss of business income caused by the direct physical loss of access to each of the insured properties at which they undertook their business operations.

9. Sentinel responded by denying that Plaintiffs' claims were within the coverage of the Policy.

10. Plaintiffs bring this action to recover the amounts due to them under the Policy for the loss of business income, as well as for the other covered losses that they sustained as a consequence of the state orders that caused the loss of physical property and the suspension of their business operations. Plaintiffs also seek relief from Sentinel for its bad faith in responding to their claims.

## THE PARTIES

11. Family Smiles is an New Mexico limited liability company, and its member is Frank Von Westernhagen, a citizen of the state of Illinois. Family Smiles is a citizen of Illinois.

12. Family Smiles operates its business at three offices in the state of New Mexico. Each of those offices is identified as an insured location in the Policy.

13. VW Dental is a California corporation with its principal place of business in Compton, California. VW Dental is a citizen of California.

14. VW Dental operates its business at two offices in the state of California. The office in Compton, CA is identified as an insured location in the Policy.

15. Sentinel is a Connecticut corporation with its principal place of business in Hartford, Connecticut. Sentinel is a citizen of Connecticut.

## JURISDICTION AND VENUE

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the matter in controversy, exclusive of interest and costs, exceeds the jurisdictional minimum of $75,000.

17. This dispute arises from the breach of an insurance contract that was negotiated in Cook County, Illinois and delivered by Sentinel to Family Smiles at its office in Chicago, Illinois.

18. Consequently, venue in this judicial district is proper pursuant to 28 U.S.C. §1391(b)(2), as a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred within this judicial district.

## FACTS COMMON TO ALL COUNTS

19. Plaintiffs engage in the practice of dentistry at the locations identified in the Policy as insured locations (the "Insured Locations").

20. Through the Policy, Sentinel agreed to pay Plaintiffs for the actual loss of "Business Income" they sustained due to the necessary suspension of their "operations" during the "period of restoration" where the suspension is caused by direct physical loss of or physical damage to property at the "scheduled premises" caused by or resulting from a Covered Cause of Loss.

21. Sentinel also agreed to pay for the "'Extra Expense' the insured incurs, "during the 'period of restoration' that the insured would not have incurred if there had been no direct physical

loss or physical damage to property at the 'scheduled premises'… caused by or resulting from a Covered Cause of Loss."

22. Under the Policy, an "Extra Expense means expense incurred: (a) to avoid or minimize the suspension of business and to continue 'operations': (i) at the 'scheduled premises'; … (b) To minimize the suspension of business if you cannot continue 'operations'."

23. The Policy defines "suspension" as "(a) the partial slowdown or complete cessation of your business activities."

24. The Insured Locations are identified in the Policy declarations as locations for which there is Business Income Loss coverage.

25. "Occurrence" is defined in the Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

26. "Operations" is defined in the Policy as the insured's business activities occurring at the scheduled premises.

27. The Policy defines "period of restoration" as the time after the direct physical loss or damage caused by or resulting from Covered Cause of Loss at an insured location and occupancy is restored with "similar quality."

## COUNT I
### Breach of Contract
### (Family Smiles, LLC – New Mexico)

28. Family Smiles incorporates the allegations contained in paragraphs 1 through 27 as the allegations of this paragraph 28.

29. During the period of coverage afforded under the Policy, Family Smiles conducted its operations at three locations in the State of New Mexico.

30. Each of the three locations at which Family Smiles conducted its operations was identified as an insured location for business income coverage under the Policy.

31. On March 23, 2020, the Governor of New Mexico entered an executive order in response to the spread of COVID-19, a global pandemic, requiring all individuals in the State of New Mexico to stay at home with the exception of people engaging in essential activities and ordered all non-essential businesses to cease operations except to the extent that work could be conducted from home. The executive order required the state, county, and local departments of public health to implement regulations consistent with the executive order.

32. Compliance with the orders precluded Family Smiles from using its insured properties for the performance of its operations other than in limited circumstances.

33. The Policy defines "Operations" as business activities at the insured's covered location.

34. The Policy is an insurance contract under which Family Smiles paid premiums in exchange for Sentinel's promise to pay claims for losses covered by the Policy, including, but not limited to, losses of business income and extra expenses.

35. Compliance by Family Smiles with the orders restricting the use of the insured locations for their ordinary purposes resulted in a direct physical loss of covered property.

36. Family Smiles incurred a loss of business income as a result of the suspension of operations at its insured locations.

37. Family Smiles incurred extra expenses attributable to the suspension of operations at its insured locations.

38. Family Smiles complied with all applicable provisions of the Policy, including the payment of premiums.

39. Sentinel denied Family Smiles' claims for the loss of business income and extra expenses.

40. By denying the claims submitted by Family Smiles, Sentinel breached its obligations to Family Smiles under the Policy.

41. Family Smiles sustained damages resulting from Sentinel's breach of its obligations under the Policy, including lost business income and extra expenses incurred.

**WHEREFORE**, Family Smiles asks for judgment in its favor and against Defendant for damages in the amount proved at trial and for such other relief as this Court deems just.

## COUNT II
### Breach of Contract
### (Von Westernhagen Dental Corporation – California)

42. VW Dental incorporates the allegations contained in paragraphs 1 through 27 as the allegations of this paragraph 42.

43. During the period of coverage afforded under the Policy, VW Dental conducted its operations at two locations in the State of California.

44. The Compton, California location at which VW Dental conducted its operations was identified as an insured location for business income coverage under the Policy.

45. On March 19, 2020, the Governor of California entered an executive order in response to the spread of COVID-19, a global pandemic, requiring all individuals in the State of California to stay at home with the exception of engaging in essential activities and ordered all non-essential businesses to cease operations except to the extent that work could be conducted from home. The executive order required the state, county, and local departments of public health to implement regulations consistent with his executive order.

46. Compliance with the orders precluded VW Dental from using its insured property for the performance of its operations other than in limited circumstances.

47. The Policy defines "Operations" as business activities at the insured's covered location.

48. The Policy is an insurance contract under which VW Dental paid premiums in exchange for Sentinel's promise to pay claims for losses covered by the Policy, including, but not limited to, losses of business income and extra expenses.

49. Compliance by VW Dental with the orders restricting the use of its insured location for its ordinary purposes resulted in a direct physical loss of covered property.

50. VW Dental incurred a loss of business income as a result of the suspension of operations at its insured location.

51. VW Dental incurred extra expenses attributable to the suspension of operations at its insured location.

52. VW Dental complied with all applicable provisions of the Policy, including the payment of premiums.

53. Sentinel denied VW Dental's claims for the loss of business income and extra expenses.

54. By denying the claims submitted by VW Dental, Sentinel breached its obligations to VW Dental under the Policy.

55. VW Dental sustained damages resulting from Sentinel's breach of its obligations under the Policy, including lost business income and extra expenses incurred.

**WHEREFORE**, VW Dental asks for judgment in its favor and against Defendant for damages in the amount proved at trial and for such other relief as this Court deems just.

## COUNT III
**Bad Faith Under New Mexico Law**
**(Family Smiles, LLC)**

56. Family Smiles incorporates the allegations contained in paragraphs 1 through 27 and paragraphs 29 through 41 as the allegations of this paragraph 56.

57. In any action under New Mexico law by or against an insurance company in which there is a finding that the insurance company acted in bad faith, the court may award damages. N.M. Stat. § 39-2-1.

58. Family Smiles was an insured under the Policy.

59. Sentinel had a duty to properly investigate the claims submitted by Family Smiles regarding the physical loss of insured property caused by the stay at home orders.

60. Sentinel failed to investigate Family Smiles' claims and instead denied coverage for those claims on a blanket basis, arbitrarily and without justification, without a proper investigation.

61. Sentinel frivolously denied the claims brought by its insured and refused to pay Family Smiles' claims.

62. Sentinel's conduct with respect to Family Smiles' claims for coverage was, and continues to be, unreasonable because Sentinel has failed to reimburse Family Smiles for covered losses under the Policy without proper justification and without a reasonable investigation.

**WHEREFORE**, Family Smiles respectfully requests that this Honorable Court enter judgment:

(a) Finding that Sentinel's conduct in handling the claims submitted by Family Smiles was a breach of its duty to act honestly and in good faith in the performance of the insurance contract;

(b) Awarding Family Smiles its attorney's fees incurred in bringing this action to enforce its rights under N.M. Stat. § 39-2-1;

(c) Awarding punitive damages; and

(d) For such other and further relief as this Court deems appropriate and just.

## COUNT IV
## Bad Faith Under California Law
## (Von Westernhagen Dental Corporation)

63. VW Dental incorporates the allegations contained in paragraphs 1 through 27 and paragraphs 43 through 55 as the allegations of this paragraph 63.

64. Pursuant to Cal. Ins. Code. § 790.03, in any action in which there is a finding that the insurance company acted in bad faith, the court may award a penalty.

65. VW Dental's Compton, California office was an insured location under the Policy.

66. Sentinel had a duty to properly investigate the claims submitted by VW Dental regarding the physical loss of insured property caused by the stay at home orders.

67. Sentinel failed to investigate VW Dental's claims and instead denied coverage for those claims on a blanket basis, arbitrarily and without justification, without a proper investigation.

68. Sentinel frivolously denied the claims brought by its insured and refused to pay VW Dental's claims.

69. Sentinel's conduct with respect to VW Dental's claims for coverage was, and continues to be, unreasonable because Sentinel has failed to reimburse VW Dental for covered losses under the Policy without proper justification and without a reasonable investigation.

70. Sentinel's conduct breached its implied duty under the Policy to act in good faith and deal fairly with its insured.

**WHEREFORE**, VW Dental respectfully requests that this Honorable Court enter judgment:

(a) Finding that Sentinel's conduct in handling the claims submitted by VW Dental violates Cal. Ins. Code § 790.03;

(b) Awarding VW Dental its attorney's fees incurred in bringing this action to enforce its rights; and

(c) For such other and further relief as this Court deems appropriate and just.

          FAMILY SMILES, LLC and
          VON WESTERNHAGEN DENTAL
          CORPORATION

By:   */s/ Carrie E. Davenport*
       One of the attorneys for Plaintiffs

David B. Goodman – dg@glgchicago.com
  ARDC No. 6201242
Carrie E. Davenport – cd@glgchicago.com
  ARDC No. 6289322
Kalli K. Nies – kn@glgchicago.com
  ARDC No. 6318089
Goodman Law Group | Chicago
20 North Clark Street – Suite 3300
Chicago, Illinois 60602
(312) 626-1888

10

## **CERTIFICATE OF SERVICE**

I, Carrie E. Davenport, an attorney, hereby certify that on December 14, 2020, I caused a true and correct copy of the foregoing AMENDED COMPLAINT to be electronically filed with the Clerk of Court using CM/ECF, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

By: /s/ Carrie E. Davenport