IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Family Smiles, LLC, et al.    )
                                      )
       Plaintiffs,         )
                                      )
                                      )
                                      )
       v.                   )   No. 20 C 4838
                                      )
Sentinel Insurance Company    )
                                      )
       Defendant.         )
                                      )

<u>Order</u>

Plaintiffs in this case are among the multitude of businesses whose operations were devastated by the Covid-19 pandemic and ensuing governmental shut-down orders. Like so many other businesses, plaintiffs turned to their insurance company for assistance in absorbing the losses these circumstances inflicted. Like so many other insurers, defendant denied coverage.

At the time this case was filed, the question whether provisions covering "direct physical loss" to property required some physical alteration of the property to trigger coverage was an open one under Illinois law (as elsewhere). In *Sandy Point Dental, P.C. v. Cincinnati Ins. Co.*, 20 F.4th 327, 331 (7th Cir. 2021), the Seventh Circuit "predict[ed]" how the Supreme Court of Illinois would resolve the issue" and determined that physical alteration to the property was indeed required. *Id*. at 332-33. The

Illinois Appellate Court later reached the same conclusion in *Sweet Berry Cafe, Inc. v. Soc'y Ins., Inc.*, --- N.E.3d ----, 2022 WL 780847 (Ill. App. Ct. 2022), where it held that a provision covering "direct physical loss of or damage to" insured property, "unambiguously requires a physical alteration or substantial dispossession, not merely loss of use."[1] *Id.* at *7

Earlier in these proceedings, I held in abeyance and later denied without prejudice defendants' motion to dismiss plaintiffs' claims while the Seventh Circuit considered the coverage question in *Sandy Point*. Defendants renewed their motion after that decision was issued, arguing that *Sandy Point* definitively forecloses plaintiffs' claims. For the reasons that follow, the motion is granted.

The slim reed to which plaintiffs cling in their opposition—that their policy's use of the terms "of" and "or" in the phrase "physical loss of or physical damage to" property somehow compels a different result from the one the *Sandy Point* court reached—does not survive scrutiny. Indeed, the *Sandy Point* court acknowledged

---

[1] Absent some persuasive indication that the Supreme Court of Illinois would rule differently on the issue (and plaintiffs offer none), *Sweet Berry* controls the analysis. *Cont'l Cas. Co. v. Duckson*, 826 F. Supp. 2d 1086, 1095 (N.D. Ill. 2011) ("[i]f the Supreme Court of Illinois has not spoken on an issue, a federal court applying Illinois law looks to Illinois intermediate appellate courts [whose] decisions control unless persuasive indicators suggest that the Supreme Court of Illinois would decide the issue differently.") (citing *Thomas v. H & R Block E. Enters., Inc.*, 630 F.3d 659, 663 (7th Cir. 2011)).

and expressed "no quarrel with the idea that the disjunctive indicates that 'loss' means something different from 'damage.'" *Id*. at 332. But it highlighted a different problem with the plaintiffs' construction of the provision at issue: it "mak[es] surplusage out of the word 'physical.' Whatever 'loss' means, it must be physical in nature." *Id*. The same is true of plaintiffs' proposed construction, regardless of the disjunctive "or."

Meanwhile, any purchase plaintiffs may have found in their policy's use of the phrase "loss of" rather than "loss to" crumbles in light of *Sweet Berry. See* Opp., ECF 46 at 7. The policy in *Sweet Berry* provided: "We will pay for direct physical loss of or damage to Covered Property...." *Sweet Berry* 2022 WL 780847 at *2. The provision plaintiffs assert is identical in its use of the phrase "loss of," and indeed, the only difference between the two provisions is that plaintiffs' makes explicit that both covered "damage," and covered "loss," must be "physical"—the very point the *Sandy Point* emphasized in rejecting the construction plaintiffs propose here. *See* Policy, ECF 42-1 at PageID # 1019 ("We will pay for direct physical loss of or physical damage to Covered Property"). In reaching its conclusion, the *Sweet Berry* court analyzed this provision in the context of the policy as a whole. It considered, in particular, additional coverages that are, once again, materially indistinguishable from the ones plaintiffs cite here for loss of "Business Income" and "Extra

3

Expenses" due to a "suspension" of "operations." *Compare* Policy, ECF 42-1 at PageID # 1028 *with Sweet Berry* 2022 WL 780847 at *2. Although *Sweet Berry* was decided after briefing on defendant's motion was complete, nothing in plaintiffs' submissions suggests any basis for overcoming the Illinois Appellate Court's analysis in that case.

While it is difficult to overstate the calamitous consequences of the Covid-19 pandemic and associated shut-down orders on businesses like plaintiffs', I remain bound to construe plaintiffs' insurance policy in accordance with Illinois law. Like "the overwhelming majority of courts" to have considered claims such as plaintiffs', I conclude that dismissal is warranted. *Sandy Point*, 20 F.4th at 333.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: April 22, 2022

4